IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH E. METZGER,<br>    Plaintiff | No. 3:07cv1191 |
| v. | (Judge Munley) |
| MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security,<br>    Defendant | |

## MEMORANDUM

  Before the court for disposition is the report and recommendation of Magistrate Judge Malachy E. Mannion, which proposes we grant in part and deny in part the instant appeal of the Commissioner of Social Security's ("Commissioner" or "defendant") denial of plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. § 401-433, 1381-1383F.  The report also suggests that the case be remanded to the Commissioner for further proceedings.  The defendant filed objections to the report and recommendation, and the matter is ripe for disposition.

**Background**

  Plaintiff was born on January 14, 1966 and he was forty years of age at the time of the ALJ's decision. (Record (hereinafter "R") at 274).  He is thus considered a "younger person" under Social Security regulations. 20 C.F.R. § § 404.1563(c).   Plaintiff has an eighth grade education. (R. 274) and has worked as a pizza delivery driver, a laborer, a grave digger and a bartender.  (R. at 89, 274-75).

  Plaintiff injured his back at work May 2000 (R. at 113).  As a result he underwent a microdiscectomy in May 2001.  (R. at 120).   At the time of the

surgery, plaintiff was a delivery driver. (R. at 120). He was able to return to work for a while after the surgery, but ultimately discontinued his employment due to physical discomfort. (R. at 120). Plaintiff suffers from back, leg and hip pain as well as panic attacks. (R. at 275-77).

On January 3, 2005, plaintiff protectively filed an application for DIB and SSI asserting disability since September 16, 2004 due to back and leg pain and headaches. (R. at 14, 45). After the state agency denied his claim, plaintiff filed a timely request for a hearing. (R. at 30-35).

Administrative Law Judge James Andres ("ALJ") held a hearing on July 19, 2006. (R. at 271-98). Plaintiff was represented by counsel at the hearing and provided testimony as did his wife, pastor and a vocational expert. (R. at 271-98). The ALJ issued a decision on September 12, 2006 denying benefits. (R. at 11-21). Plaintiff requested review of the ALJ's decision with the Appeals Council, which denied his request on May 4, 2007, thus making the ALJ's decision the final decision of the Commissioner. (R. at 5-8); 42 U.S.C. § 405(g). Plaintiff appealed to this court on July 3, 2007. (Doc. 1). The case was assigned to Magistrate Judge Malachy E. Mannion for the issuance of a report and recommendation on the merits of the appeal. The magistrate judge recommends granting the appeal in part and denying it in part. (Doc. 15). The Commissioner filed objections to the report and recommendation, bringing the case to its present posture.

**Jurisdiction**

We have jurisdiction over the instant action pursuant to 42 U.S.C. §

405 (g).[1]

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

When reviewing the denial of disability benefits, we must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Mason v. Shalala, 994 F.2d 1058 (3d Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

The Social Security Act defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to perform in the workplace. In order to receive disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has the principal place of business." 42 U.S.C. § 405(g).

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Act further provides that a person must "not only [be] unable to do this previous work but [must be unable], considering his age, education, and work experience, [to] engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job exists for him, or whether he would be hired if he applied for work."  42 U.S.C. § 423(d)(2)(A); Heckler v. Campbell, 461 U.S. 458, 459-60 (1983).

In analyzing disability claims, the Commissioner employs a five-step sequential evaluation.  20 C.F.R. § 416.920.  The initial three steps are as follows: 1) whether the applicant is engaged in substantial gainful activity; 2) whether the applicant has a severe impairment; 3) whether the applicant's impairment meets or equals an impairment listed by the Secretary of Health and Human Services as creating a presumption of disability.   If claimant's impairment does not meet requirement 3, the claimant must demonstrate 4) that the impairment prevents him from doing past relevant work. See 20 C.F.R. §§ 404.1520, 416.920.  If the applicant establishes steps one through four, then the burden is on the Commissioner to demonstrate the final step:  5) that jobs exist in the national economy that the claimant can perform.  Jesurum v. Secretary of the U.S. Dept. of Health and Human Services, 48 F. 3d 114, 117 (3d Cir. 1995).

**Discussion**

The report and recommendation agrees with the plaintiff on the

following three points: 1) the ALJ erred in finding the plaintiff's mental impairment was "non-severe"; 2) the AlJ erred in rejecting the opinions of the treating physicians; and 3) the ALJ failed to include all of plaintiff's limitations in the hypothetical question to the vocational expert.  Defendant objects to all of these conclusions.  We will address them separately.[2]

**I. Non-severe mental impairment**

At step two of the sequential analysis, that is whether the applicant suffers from a severe impairment, the ALJ found that the plaintiff has a severe impairment in his back disorder.  Plaintiff, however, also alleged a mental impairment in that anxiety and panic attacks were contributing to his inability to work.  (R. at 17).  The ALJ found plaintiff's claims of mental impairment to be "non-severe."  The magistrate judge recommends rejecting this conclusion.

The law provides that "[t]he Commissioner's denial at step two, like

---

2

The magistrate judge addressed an additional issue, whether the ALJ properly evaluated the testimony of plaintiff's wife and his pastor.   The magistrate judge concluded that the ALJ had properly evaluated the testimony.  The parties do not object to this portion of the report and recommendation.  Therefore, in order to decide whether to adopt the report and recommendation, we must determine whether a review of the record evidences plain error or manifest injustice.  See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).

After a careful review, we find neither a clear error on the face of the record nor a manifest injustice with respect to the issue of testimony by the plaintiff's pastor and wife.  Therefore, we shall adopt the report and recommendation on this point.

5

one made at any other step in the sequential analysis is to be upheld if supported by substantial evidence within the substantial evidence on the record as a whole." McCrea v. Commissioner of Soc. Sec., 370 F.3d 357, 360-61 (3d Cir. 2004).

The Third Circuit Court of Appeals has further explained this step as follows:

> The burden placed on an applicant at step two is not an exacting one. Although the regulatory language speaks in terms of "severity," the Commissioner has clarified that an applicant need only demonstrate something beyond "a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 WL 56856, at *3; see also Newell [v. Comm'r of Soc. Sec.], 347 F.3d [541] at 546 [(3d Cir. 2003)]("If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue."). Any doubt as to whether this showing has been made is to be resolved in favor of the applicant. Newell, 347 F.3d at 546-47. In short, "[t]he step-two inquiry is a de minimis screening device to dispose of groundless claims." Id. at 546; accord McDonald [v. Comm'r of Soc. Sec.], 795 F.2d [1118] at 1123 [(3d Cir. 2004)].

Id. at 360.

Thus, "the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny." Id. In the instant case, psychologist Jacqueline Sallade, Ed. D., examined the plaintiff. (R. at 204-212). She concluded that plaintiff would have trouble following instructions in a regular work setting due to a limited attention span. (Id.). "He cannot sustain attention to perform simple repetitive activities in a regular work setting right now because of the pain and has trouble relating to others on a consistent basis throughout a whole workday." (Id.). "He cannot tolerate the stress and pressures associated with regular work activities at the moment . . . ." Id. Dr. Sallade further

found that plaintiff completed tasks slowly and would perform consistently for ten minutes and then require an hour rest. (R. 208). She also concluded that plaintiff was extremely limited in his ability to respond appropriately to work pressures in the usual work setting. (R. at 211). At the hearing on plaintiff's claim, the vocational expert testified that if plaintiff had the limitations assessed by Dr. Sallade, he would not be able to sustain competitive employment. (R. at 296-97).

Instead of relying on Dr. Sallade's findings, however, the ALJ credited the assessment of a non-examining consultant with the Disability Determination Services, Paul Lanuniziata, Ed. D. (R. at 17). The ALJ concluded that Dr. Sallade's conclusions were "clearly not consistent with the unremarkable findings provided in her consultative examination report." (R. at 17). Dr. Lanuniziata, however, did not even perform a consultative examination, and the ALJ credits him over the psychologist who examined the plaintiff. The ALJ provides no valid reason for dismissing Dr. Sallade's opinion. Therefore, his decision that plaintiff did not establish a severe mental impairment is not supported by substantial evidence.

**II. Treating Physician's opinions**

Next, plaintiff challenges the ALJ's analysis of the treating physician's opinions. In his findings, the ALJ gave little weight to two of plaintiff's treating physicians, Myra B. Tolan and J. Gary Kemberling.

Dr. Kemberling concluded that plaintiff is totally disabled and incapable of even sedentary work. (R. at 19). The ALJ disregards this conclusion because the doctor provides no laboratory findings or clinical findings. (R. at 19). Moreover, the ALJ reasoned that Kemberling is merely a family practitioner and the treating orthopedic surgeon gave plaintiff only a "temporary" period of disability.

The law provides:

"In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation, or lay opinion." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (internal quotation marks omitted).

Here, the ALJ has not provided a proper reason for rejecting the testimony of these treating physicians. See Wier on Behalf of Wier v. Heckler, 734 F.2d 955, 961(3d Cir. 1984) ("[T]here is much in our circuit's jurisprudence (and that of other circuits) that requires administrative law judges in social security cases to explicate the analysis upon which they base their ultimate decisions, *see generally* Cotter v. Harris, 642 F.2d 700 (3d Cir.1981), especially where they are rejecting the testimony of the claimant's treating physician. . . ."). He merely rejected them in favor of the opinion of a one-time assessment of the DDS physician. For example, he rejects Dr. Kemberling because of "limited clinical findings" while crediting the opinion of the DDS physician's *one-time assessment* over the conclusions of the treating physician.

In addition, the ALJ relied upon the opinion of Dr. Paul S. Lin to whom plaintiff had been referred to by his treating physician. He examined plaintiff several times and concluded that surgery would likely benefit him and that he has a disability "for a limited period of time." (R. at 120). The ALJ relied upon this statement to support his conclusion that the plaintiff is not disabled. The statement, however, is ambiguous. It is not clear what the doctor meant by the phrase "limited period of time." The doctor could have meant that if the plaintiff has the surgery, he will no longer be

disabled, or that over time the plaintiff will get better.  If there is an ambiguity in a doctor's opinion, the ALJ must contact that doctor to clear it up.  Here that was not done.

Accordingly, we find that the ALJ's conclusions with regard to the treating physician's, Dr. Kemberling and Dr. Lin are not supported by substantial evidence.

### III.  Hypothetical

At the hearing, the ALJ provided a hypothetical question to the vocational expert ("VE").  The purpose of the question was to determine whether  jobs exist in the national economy that could be performed a hypothetical person of plaintiff's ability, taking into account his impairments.  The law provides that such a hypothetical question "must include all of claimant's impairments."  Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004).

The VE in the instant case did not consider the limitations assigned by Dr. Sallade when he stated that there were jobs that the plaintiff could perform.  In fact, he indicated that if he had all the limitations assessed by Dr. Sallade, the plaintiff would be unable to sustain competitive employment.  (R. at 296-97).   As stated above, the ALJ did not give a valid reason for discounting Dr. Sallade's opinion.  Therefore, it is possible that they should have been included in the hypothetical question.

### Conclusion

For the reasons set forth above, the plaintiff's appeal will be granted in part and denied in part.  The matter will be remanded to the Commissioner to take appropriate action consistent with this opinion.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH E. METZGER,**<br>　　　　**Plaintiff** | No. 3:07cv1191 |
| v. | (Judge Munley) |
| **MICHAEL J. ASTRUE,**<br>**Commissioner of**<br>**Social Security,**<br>　　　　**Defendant** | |

## ORDER

**AND NOW**, to wit, this 24th day of September 2008, it is hereby **ORDERED** as follows:

1) The magistrate judge's report and recommendation (Doc. 15) is hereby **ADOPTED**;

2) The defendant's objections (Doc. 16) are **OVERRULED**;

3) The plaintiff's appeal is **GRANTED** in part and **DENIED** in part; and

4) The Clerk of Court is directed to remand this case to the Commissioner for further action consistent with this memorandum and consistent with the report and recommendation.

　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　**United States District Court**